UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Jane Doe, individually, and on
behalf of the infant Janie Doe[1],

Plaintiff,

v.

Midlakes Schools Phelps-Clifton Springs
Central School District, Board of Education,

Defendant.

Case No.:   6:24-cv-6356

**Jury Trial Demanded**

## COMPLAINT

Plaintiff, Ms. Jane Doe, individually, and as the parent and natural guardian of the infant,

Janie Doe, by and through her attorney, J. Morgan Levy Firm, PLLC, for her complaint against

defendant Midlakes Schools Phelps-Clifton Springs Central School District, Board of Education

respectfully states:

## INTRODUCTION

1.  This is an action seeking declaratory, and equitable relief, as well as monetary damages,

    to redress defendant, Midlakes Schools Phelps-Clifton Springs Central School District,

    Board of Education's (hereinafter "Midlakes") violations of Title IX of the Education

    Amendments of 1972, as amended, 20 U.S.C. § 1681, et seq. ("Title IX") and its

    implementing regulations at 34 CFR § 106, et seq. ("Title IX Regulations"), and

    New York State Human Rights Law ("NYSHRL") for failing to address long standing

    peer sexual harassment.

2.  This is also an action seeking declaratory, and equitable relief, as well as monetary

    damages, to redress defendant's violations of the Americans with Disabilities Act of

---

[1] Plaintiffs are identified with pseudonyms due to the nature of this proceeding and have filed a motion to proceed
under pseudonym.

1990, as amended at 42 USC § 12101, et seq. ("ADA") and its implementing regulations at 28 CFR § 35, et. seq. ("ADA Regulations"), Section 504 of the Rehabilitation Act of 1973, as amended at 29 USC § 794, et seq. ("Rehab Act"), the Individuals with Disabilities Education Act, as amended at 20 USC § 1400, et seq. ("IDEA"), and NYSHRL for failing to provide a reasonable accommodation for her disabling medical condition and permitting harassment and discrimination on the basis of her disability.

3. This is also a claim for negligence and intentional infliction of emotional distress.

4. Defendant's unlawful conduct was knowing, willful, and wanton and/or showed a reckless disregard for plaintiff's protected rights, which has caused and continues to cause her and her child to suffer substantial economic and non-economic damages.

5. Because defendant was deliberately indifferent to plaintiff's reports of bullying and harassment, Janie Doe suffered an exacerbation of her disability and related symptoms.

6. Plaintiff suffered significant physical, emotional, financial, and academic injuries because of defendant's failure to appropriately respond to their reports of bullying and harassment.

7. Defendant was deliberately indifferent to Janie Doe's needs as an individual with a disability, failing to provide her reasonable accommodations and causing Janie Doe to suffer serious discrimination because of her disability.

8. Plaintiff suffered significant emotional, financial, and academic injuries because of defendant's failures to appropriately respond to her reports of sexual harassment and bullying in its education program, and because of defendant's failure to provide Janie Doe with reasonable accommodations for her disability.

9.    Defendant's failure to abide by its obligations under federal and state law to prevent and respond to reports of sexual harassment, disability discrimination, and bullying, or provide Janie Doe with a reasonable accommodation because of her disability, have forever and irrevocably harmed plaintiff.

## JURISDICTION AND PARTIES

10.    Plaintiff resides in the Town of Phelps, County of Ontario, State of New York.

11.    Midlakes is located in the City of Clifton Springs, County of Ontario, State of New York.

12.    Midlakes is a public school district.

13.    Midlakes is a recipient of federal funds.

14.    Mr. Frank Bai Ross, Ms. Laura Van Laken, Dr. Nicole Young, Ms. Kelly Loveless, Ms. Kristin Brunetto, Daniel McAplin, are or were employees of Midlakes, and during all necessary times acted within the scope of their employment.

15.    Midlakes is an "educational institution" as defined in 20 USC § 1681 (c).

16.    Midlakes is an "educational institution" as defined by NYSHRL § 292.

17.    Midlakes is a "public entity" as defined by 42 USC § 12131(1).

18.    Midlakes is a "local educational agency" under 20 USC § 1401(19)(A).

19.    Pursuant to New York CLS Educ § 3813, on December 8, 2023, plaintiff provided Midlakes with notice of intention to file a claim.

20.    This court has jurisdiction over defendant Midlakes pursuant to 28 USC § 1391 in that Midlakes is within Ontario County, New York State.

21.    This court has subject matter jurisdiction pursuant to 28 USC § 1331 because this civil action arises under Title IX, ADA, Rehab Act, and IDEA, all federal laws.

22.   We request this court exercise supplemental subject matter jurisdiction over plaintiff's New York State law claims pursuant to 28 USC § 1367 because these claims are part of the same claim or controversy as plaintiff's federal claims.

23.   Venue is proper in the Western District of New York pursuant to 28 USC § 1391 (b) (2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTS COMMON TO ALL CAUSES OF ACTION

24.   Plaintiff, Ms. Jane Doe, is the parent and natural guardian of the infant Janie Doe.

25.   At the time of this writing, the infant Janie Doe is a minor, aged fourteen years and a student enrolled at Midlakes High School in Phelps, New York.

26.   Janie Doe is diagnosed with oppositional defiance disorder, mood disorder, depression, and anxiety. She also suffers from a learning disability.

27.   Because of her diagnosis and learning disability Janie Doe received special accommodations based on her individualized educational program (IEP) at defendant's school.

28.   Janie Doe's IEP plan was evaluated and approved by the committee on special education (CSE), a board of defendant staff members that "share the responsibility to contribute meaningfully in the development of a student's IEP and to make recommendations that are based on the student's present levels of performance and in consideration of the student's strengths, needs, interests and preferences, and the concerns of the parents for the education of their child."[2]

---

[2] https://www.nysed.gov/special-education/committee-special-education-csecommittee-preschool-special-education-cpse-process last accessed May 16, 2024.

29. "CSEs include individuals who know the student and his or her unique needs and who have the authority to commit the school's resources to address the student's needs. Individuals serving on CSEs can articulate their role and execute their responsibilities on the Committee. CSEs include individuals who contribute meaningfully to the discussion of the student's strengths and needs and how those needs can be met in the least restrictive environment."[3]

**Bullying, Sexual Harassment, Assault, and Defendant Response**

30. Janie Doe has been subjected to severe harassment by her peers, including, but not limited to, infants Student #1, Student #2, Student #3, Student #4, Student #5, and Student #6 (collectively referred herein as "the bullies") for approximately two years.[4]

31. For example, the bullies relentlessly circulated a video of Janie Doe, insinuating she used peanut butter to entice her dog to lick her in a sexual manner, around Midlakes and other local schools.

32. As a direct result of this video circulation, Janie Doe endured extensive bullying, including, sexual harassment, vulgar and malicious written and verbal comments, gossip, and rumors.

33. In or around November 2022, Student #3 and Student #4 began bombarding Janie Doe with threats of physical violence, including death threats, which continue to this day.

34. Ms. Jane Doe reported Janie Doe being harassing and bullied to defendant on many occasions, including, but not limited to on May 25, 2023, May 26, 2023, June 7, 2023,

---

[3] *Id.*
[4] The initials of these individual students can be provided to the Court and defendant upon request, but have been removed to protect student privacy.

October 18, 2023, October 20, 2023, October 23, 2023, October 30, 2023,

November 15, 2023, and January 11, 2024.

35.   Upon information and belief, defendant did not document these incidents pursuant to its

obligations under The Dignity for All Students Act (DASA).

36.   In or around May 2023, Janie Doe began receiving unsolicited messages from unknown

men, and unknown men began showing up at plaintiff's residence looking for Janie Doe.

37.   Upon information and belief, one of the bullies put Janie Doe's contact information

somewhere online to induce these men into seeking Janie Doe out for sexual purposes.

38.   On May 25, 2023, while Ms. Jane Doe was at Midlakes High School complaining about

Janie Doe's being bullied, Student #4 threatened Janie Doe via text indicating she was

going to "jump" Janie Doe after class.

39.   On May 26, 2023, Ms. Jane Doe brought videos of Student #3 taunting Janie Doe and left

a note for Mr. Frank Bai Ross, (now-former) Principal Midlakes High/Middle School,

and for the school resource officer.

40.   Ms. Jane Doe again reported the May 25, 2023, incident during a meeting on June 7,

2023, with Mr. Bai Ross and Ms. Laura Van Laken, Assistant/Vice Principal, Midlakes

Middle/High School.

41.   Prior to the June 7, 2023, meeting with Ms. Van Laken and Mr. Bai Ross, Ms. Jane Doe

emailed both to complain of disproportionate discipline being imposed upon Janie Doe as

compared with other students.  She specifically noted "it seems there was been [sic]

severe discrimination against my daughter?  Maybe it is a socioeconomic situation or

[the] fact [Janie Doe] is on an IEP and consistently needs so much attention."

42. On or about August 4, 2023, four peers, including Student #4 and Student #8, surrounded Janie Doe and Student #4 pushed Janie Doe and then threw a drink on Janie Doe's face at a local festival while another person videotaped the encounter.

43. When Ms. Jane Doe attempted to report this incident to both the Phelps Police Department and Ontario County Sheriff's Department, she was told they could not take a report and the matter would need to be resolved via the Midlakes school resource officer (SRO).

44. Ms. Jane Doe informed the SRO on or about August 5, 2023.

45. Upon information and belief, defendant conducted no investigation into this incident, nor followed up with Ms. Jane Doe regarding the incident.

46. On or about October 7 or 8, 2023, Student #3 and Student #4 sent unpaid pizzas to plaintiff's home while Ms. Jane Doe was out of town.

47. Student #3 and Student #4 admitted to a former Midlakes student via text message that they sent the pizzas, stating they hoped Janie Doe liked her pizzas.

48. On or about October 14, 2023, Student #3 put a jar of Jiffy peanut butter in plaintiff's mailbox, clearly in reference to the rumor the bullies started about Janie Doe using peanut butter to entice her dog to lick her in a sexual manner, and clearly intending to continue the sexual harassment inflicted upon Janie Doe.

49. Between October 16, 2023, and October 17, 2023, Student #3 continued to sexually harass Janie Doe by circulating the above-mentioned video, calling her vulgar, sexual names, and spreading sexually based rumors about Janie Doe.

50. On October 17, 2023, Ms. Jane Doe reported to Dr. Nicole Young, Midlakes' school psychologist, that Janie Doe needed support due to her being bullied and harassed.

51.   Upon information and belief, no support or plan was provided for Janie Doe following this report.

52.   On October 18, 2023, when Ms. Jane Doe complained to defendant about Janie Doe being bullied and harassed by the bullies again, she specifically stated, "I have never seen [Janie Doe] this sad and upset. She cried all night."  And noting ". . .lunch is the worst for her because [Student #4] and [Student #3] have the same lunch time.  It causes her extreme anxiety and sadness because she has no one to sit with and feels so isolated!!!"

53.   Ms. Jane Doe further asked whether Janie Doe's schedule could be changed to prevent the harassment and assist Janie Doe's disability—a seemingly simple accommodation.

54.   Upon information and belief, defendant did not respond to this message.

55.   Defendant's complete disregard of Ms. Jane Doe's request for help and accommodation for Janie Doe was a gross misjudgment and in bad faith.

56.   On October 20, 2023, Ms. Jane Doe emailed defendant stating, "I would like to officially request [Janie Doe] be transferred to another school due to the constant bullying, showing of the video, phone calls, threats, assaults, etc [sic] that are now involving my entire family at home! [. . . ] [Janie Doe] no longer has the mental capacity to deal with it. What is the process?  What are her school choices?"

57.   Ms. Van Laken replied stating, "Transferring to a different school would be initiated by you, as her parent.  You would have to go through their tuition process (if they have one) or prove residency in that district.  Upon [Janie Doe]'s enrollment at that district, we would receive a request for transcripts and whatever else they may require for a tuition student.  It will be incumbent upon you to contact districts to see if they accept tuition-based enrollments."

58. On October 20, 2023, Ms. Kari Cayton, Family Education Specialist at Starbridge, Inc.[5] also complained to defendant on Ms. Jane Doe's behalf and requested accommodation options for Janie Doe.

59. On or about October 20, 2023, Ms. Terry Reid, Case Manager at Glove House[6], also complained to defendant on Janie Doe and Ms. Jane Doe's behalf.

60. In the morning of October 23, 2023, Ms. Jane Doe requested the school immediately provide Janie Doe an alternative placement citing the harassment Janie Doe experienced on October 20, 2023, where Janie Doe became so withdrawn and even expressed suicidal ideations.

61. During a meeting on October 23, 2023, with defendant's employees Ms. Kelly Loveless, District Psychologist/Chairperson, Committee on Special Education (CSE), Midlakes Schools, Ms. Kristin Brunetto, High School Counselor, Midlakes Middle/High School, and Mr. Daniel McAlpin, Principal, Midlakes Middle/High School, Ms. Van Laken and the group discussed the possibility of Janie Doe transferring schools and defendant employee's told Ms. Jane Doe that Janie Doe would need a CSE reevaluation with testing.

62. Following this meeting on October 23, 2023, Ms. Jane Doe requested Janie Doe be provided home tutoring and Mr. McAlpin, replied "[. . .] the school is not keeping her out

---

[5] "We partner with people who have disabilities, their families, and others who support them, to achieve success in education, employment, and healthy living. Together we can transform communities to include everyone." https://starbridgeinc.org/about-us/, last accessed June 7, 2024.

[6] "Glove House serves youth and families from 15 New York State counties. We encourage change by reigniting hope, guiding children and empowering families to live successfully through locally provided services: crisis stabilization, prevention, counseling, advocacy, and the creation of positive learning environments." https://www.glovehouse.org/about-us, last accessed June 7, 2024.

of school.  She is welcome to be here. [. . .] But, she is entitled and able to attend from the school's standpoint." *See* Exhibit 2, pg. 1.

63. On or about October 23, 2023/around the same time at this meeting, Student #2 messaged Janie Doe stating that she and her friends would jump Janie Doe in the hallway. The group surrounded Janie Doe twice, but Janie Doe's friend, Student #9, came to protect Janie Doe, and the group eventually left.

64. Student #9 immediately walked down to the office with Janie Doe and reported the incident.

65. Ms. Jane Doe then asked defendant to review the camera footage she knew might be available regarding this incident. Defendant did not provide Ms. Jane Doe with access to this video.

66. Upon information and belief, defendant did nothing with this report, none of the bullies were sent home, and the group of bullies continued to physically surround Janie Doe throughout the rest of the day and stand outside her classrooms waiting for her.

67. Ms. Jane Doe once again requested home tutors on October 25, 2023, and asked for an update on the CSE meeting.

68. Mr. McAlpin replied, "There would not be a tutor available." *See* Exhibit 2, pg. 2.

69. According to 8 NYCRR § 100.22, students who are unable to attend school in person due to a mental, physical, or emotional illness or injury may be provided with at home instruction upon proper request.

70. Therefore, defendant's employee, Mr. McAlpin's, reply was clearly a bad faith, gross misjudgment of Janie Doe's circumstances and applicable laws.

71. On or about October 28, 2023, Student #2 messaged Janie Doe via "Snap Chat" that she would jump Janie Doe if she returned to school.

72. On October 28, 2023, Ms. Jane Doe complained to defendant about Janie Doe being bullied, threatened, attacked, and sexually harassed.

73. Upon information and belief, defendant did not respond to this report.

74. On or about October 30, 2023, other students told Janie Doe to "watch out for Student #2" because she was "going to jump Janie Doe."

75. On October 30, 2023, Ms. Jane Doe complained to defendant about Student #2 threatening to "jump" Janie Doe.

76. Upon information and belief, defendant did not respond to this report, or further investigate this allegation.

77. On or about November 13, 2023, Ms. Cayton, contacted defendant again and requested Janie Doe be provided with access to a safe learning environment because of the ongoing sexual harassment and bullying she was enduring.

78. Upon information and belief, defendant did not respond to this.

79. On November 15, 2023, Ms. Jane Doe notified the school that Student #6 sexually harassed Janie Doe in the hallway at Midlakes High School the prior day and demanded Janie Doe "be provided with a safe and supportive environment free from intimidation, taunting, harassment, and bullying on school property."

80. When Ms. Jane Doe met with Mrs. Van Laken on or about this same day, Mrs. Van Laken admitted that the bullying her daughter reported was apparently on video.

81.  Upon information and belief, defendant did not further investigate this incident, nor did defendant provide Janie Doe with a "safe and supportive environment" to address the bullying.

82.  On November 17, 2023, Student #5 attacked Janie Doe in the Midlakes High School cafeteria, by approaching Janie Doe from behind and repeatedly punching her on the head, face, and body. *See* Exhibit 1, pg. 2.

83.  After Janie Doe turned around to face Student #5, Student #5 hit Janie Doe in or around the face again several times. *Id.*

84.  Despite being repeatedly punched and hit by Student #5, Janie Doe never hit Student #5, nor did she raise her arms in an attempt to do so. *Id.*

85.  Once the attack stopped, Janie Doe walked away from Student #5 to retrieve her belongings.

86.  A male teacher then appeared to instruct Janie Doe to go to the office alone and she is seen heading in the direction of the office. *Id.*

87.  At the same time, from another camera angle, Student #5 can be seen sitting with another teacher, who appears to be Mrs. Shinsing, a math teacher at Midlakes High School, outside of the cafeteria doors. Mrs. Shinsing had her arm around Student #5 and appeared to be consoling Student #5. *Id.*

88.  The Midlakes High School video cameras captured this November 17, 2023, assault.

89.  Ms. Jane Doe and Janie Doe viewed this video at the District Office at Midlakes Elementary School on February 29, 2024. *See* Exhibit 1.

90.  Upon information and belief, Student # 5's mother is a teacher's aide at Midlakes Elementary School.

91.  Due to Student #5's assault of her, Janie Doe suffered injuries requiring her transportation to the hospital where she was diagnosed with facial trauma and conjunctival abrasion.

92.  On or about November 17, 2023, the Ontario County Sheriff's Department determined that, despite Janie Doe's several injuries and the video evidence, no arrestable offense was committed by Student #5.

93.  Upon information and belief, while another student who attacked a girl in the cafeteria on the same day received ten (10) days out of school suspension (OOS) and a two (2) month reset program, Student #5 received only five (5) days of OOS for this assault on Janie Doe.

94.  On or about January 11, 2024, Student #3 made a list naming Janie Doe and insinuated that she wanted to kill Janie Doe.

95.  Ms. Jane Doe reported this to defendant on or about January 11, 2024, and notified the Ontario County Sheriff's Department.

96.  While Janie Doe received five (5) days of OOS for texting Student #3 to "KYS" (kill yourself) in Spring 2023, Student #3 only received one (1) day of OOS and one (1) day of in school suspension (ISS) for insinuating she wanted to kill Janie Doe.

**Impact**

97.  Janie Doe's mental health and well-being have significantly deteriorated because of the bullying, sexual harassment, and physical assaults she suffered at Midlakes.

98.  Defendant's lackluster response to Ms. Jane Doe or Janie Doe's reports of harassment and bullying further exasperated Janie Doe's disabling medical condition and disability.

99.  Following the assault, Janie Doe developed severe symptoms of and was diagnosed with post-traumatic stress disorder (PTSD).

100.  Janie Doe barely left her room or slept, had horrible nightmares, and cried almost every day. She could not be left alone. She developed an eating disorder and lost over 10 pounds in a month.

101.  Janie Doe informed her psychiatrist, Ms. Becky Merrit, NP, that because of the harassment and attacks she suffered, she was suicidal, afraid of leaving the house alone, afraid of getting attacked from behind, and constantly worried about other people sharing the video of her.

102.  To properly attend to Janie Doe's emotional and mental health needs, Ms. Jane Doe took nine (9) weeks off from work.

103.  Additionally, over the last year, Janie Doe has received intensive weekly counseling specifically designed to address the needs of trauma victims at Finger Lakes Family Counseling. Ms. Jane Doe must take off work each week to take Janie Doe to these appointments.

104.  Since the November 17, 2023, assault, Janie Doe has suffered five (5) mental health hospitalizations that required evaluations by Comprehensive Psychiatric Emergency Program (CPEP).

105.  Recently, Janie Doe's depression and anxiety have manifested as anger and distrust.

106.  Janie Doe no longer trusts her school, teachers, the SRO, or the police to protect her from her harassers or assaulters.

107.  Janie Doe has been largely unable to attend school since the assault.

108. Despite Ms. Jane Doe requesting information about the process of obtaining home tutoring as early as October 20, 2023 (and Mr. McAlpin denying the availability of tutors) it was not until December 1, 2023, that Mr. McAlpin notified Ms. Jane Doe of steps she could take to request a tutor, telling her the school needed a letter from Janie Doe's physician indicating Janie Doe needed home instruction.

109. After receiving this information, Ms. Jane Doe promptly supplied a letter from Janie Doe's physician explaining that Janie Doe was not mentally able to continue in person instruction at Midlakes High School because of the bullying, harassment, and assault she suffered.

110. Janie Doe began home instruction consisting of a tutor providing three (3) hours of instruction a day, in or about mid-December 2023.

111. But by the end of January 2024, Ms. Jane Doe was forced to return to work and Janie Doe's only option was to return to in-person instruction.

112. On or about January 22, 2024, CSE held a meeting with Ms. Jane Doe, and determined that Janie Doe would attend a smaller classroom setting of fifteen (15) students to one (1) teacher beginning on January 29, 2024.

113. Despite previous knowledge of Student #4's harassment, threatening, assault, and bullying of Janie Doe, defendant grossly misjudged Janie Doe's circumstances and her disability, and placed her into a classroom with Student #4.

114. When Ms. Jane Doe protested about this placement to defendant, instead of addressing or remedying the issue, Mr. McAlpin instructed her that "when [Student #4] would eventually reenter the classroom [because she was out on OSS], we [will] work that all out later and address the situation slowly."

115.  In connection with learning that she would be placed in the same classroom with Student #4, on January 31, 2024, Janie Doe suffered a panic attack and emotional breakdown.

116.  Janie Doe was immediately taken to the emergency room, where she was met by police and CPEP for a mental health examination. She remained in the hospital for the rest of the day and into the evening.

117.  Refusing to subject Janie Doe to additional bullying or harassment, after this incident, Ms. Jane Doe kept Janie Doe at home until a second CSE meeting was held on February 2, 2024.

118.  At the February 2024 meeting, CSE decided Janie Doe would return to Midlakes High School in person with no changes to her IEP.

119.  Because defendant irresponsibly and grossly misjudged placing Janie Doe into a classroom with Student #4, Janie Doe did not return to Midlakes High School in person until February 5, 2024. Janie Doe again fell behind in her academics and struggled to catch up.

120.  When Janie Doe returned to school on February 5, 2024, she was significantly behind in all six subjects, but particularly English Language Arts (ELA) and Math.

121.  Janie Doe completely failed her second quarter and will undoubtedly fail her 9th grade year.

122.  Since returning to in person instruction at Midlakes, Janie Doe's classmates, including the bullies, continue to bully her, sexually harass her, and make fun of her disability.

123.  For example, after CSE discussed Janie Doe returning to school in a smaller classroom setting, students called, and continue to call, her derogatory names like "BOCES-tard" or "retard" because of her disabilities.

124. During lunch, students regularly move her personal items around and prevent her from sitting down at a table to enjoy her lunch.

125. Upon information and belief, there are lunch monitors present during Janie Doe's lunch who do nothing to prevent this bullying and harassment or assist Janie Doe when it occurs.

126. To protect Janie Doe from additional bullying, Ms. Reed, referred Janie Doe to Hillside Children's Center in Auburn, New York, and Janie Doe is currently on the waiting list.

127. Hillside Children's Center is a regional mental health treatment facility that offers a six-month, full-time treatment program, where Janie Doe would receive housing, educational instruction, mental health treatment, and counseling.

128. When students at Midlakes became aware that Janie Doe was on the waiting list for Hillside, Janie Doe endured extensive bullying and harassment because of her disability; including comments such as "retard," "psycho," or "this is why you are going to a mental health hospital."

129. Ms. Jane Doe reported this harassment to defendant, but upon information and belief, defendant has not responded to, or stopped this harassment.

130. In addition to harassment because of her disability, Janie Doe still currently endures sexual harassment, threats, and bullying at Midlakes High School.

131. Defendant is aware of this behavior.

132. Upon information and belief, none of the bullies have been held accountable for the bullying or sexual harassment. Defendant has failed to provide any updates, investigations outcomes, or disciplinary responses related to these reports.

133. Janie Doe is unable to obtain an education because she is constantly bullied.

134. Ms. Jane Doe, Janie Doe, and their family have suffered and will continue to suffer injuries as a direct and proximate result of defendant's actions and inactions.

### FIRST CAUSE OF ACTION

### Deliberate Indifference to Sexual Harassment
### in Violation of Title IX

135. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

136. Defendant is an educational institution that receives federal financial assistance from the United States government and is subject to Title IX.

137. Janie Doe experienced sexual harassment that was so severe, pervasive, and objectively offensive that it deprived her of access to the educational opportunities and/or benefits provided by defendant as more fully described above.

138. The harassment Janie Doe experienced occurred in a context subject to defendant's control and where defendant could have taken remedial action.

139. Defendant had actual notice of the sexual harassment experienced by Janie Doe because plaintiff, and outside sources, like Glove House and Starbridge, Inc., continuously reported the harassment to defendant, as more fully described above.

140. Defendant's response to plaintiff's reports of sexual harassment was grossly insufficient in a variety of ways, including but not limited to:

    A. Defendant repeatedly ignoring reports of sexual harassment as more fully described above; and

    B. Defendant refusing to punish, or discipline known, repeated perpetrators of sexual harassment as more fully described above; and

C.  Defendant failing to provide supportive measures for Janie Doe to allow her to continue accessing her education program in spite of the sexual harassing behavior she endured; and

D.  Defendant knowingly placing Janie Doe, a victim of sexual harassment into a small classroom with one of the perpetrators of that sexual harassment as more fully described above; and

E.  Defendant employees punishing Janie Doe a victim of sexual harassment more harshly than perpetrators of sexual harassment as more fully described above.

141.  Defendant's failure to appropriately respond to sexual harassment within its educational program and activities resulted in Janie Doe experiencing more sexual harassment and created a hostile environment for victims of sexual harassment, including Janie Doe.

142.  Janie Doe subjectively perceived the environment at defendant's Midlakes High School to be hostile and abusive.

143.  The environment at defendant's Midlakes High School was objectively hostile and abusive, and permeated with discriminatory intimidation, ridicule, and insult sufficiently severe or pervasive to alter the terms of the educational environment.

144.  Because of the sexual harassment Janie Doe endured and because of defendant's failure to address it, Janie Doe was forced to pursue at home instruction, while the perpetrators of her harassment experienced no interruptions to their studies.

145.  After reporting sexual harassment, Janie Doe was subject to further harassment as more fully described above.

146.  The conditions of Janie Doe's education was effectively and significantly altered.

147. Janie Doe moved to at home instruction because of the hostile environment defendant subjected her to.

148. Janie Doe was forced to move back to in person instruction at defendant Midlakes High School and was subjected to further harassment and a hostile environment.

149. Defendant's response to plaintiff's reports of sexual harassment was clearly unreasonable in light of the known circumstances and tantamount to no response at all.

150. Defendant's response to plaintiff's reports of sexual harassment was, therefore, deliberately indifferent.

151. As a direct and proximate result of defendant's failure to respond appropriately to plaintiff's reports of sexual harassment, plaintiff was harmed.

152. As a direct and proximate result of defendant's deliberate indifference to its actual notice of sexual harassment, plaintiff suffered economic and non-economic damages, including but not limited to, loss of income, loss of educational opportunities, medical and mental health costs, severe emotional distress, psychological injury, mental anguish, degradation, and embarrassment.

153. Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial, plus pre-judgment interest and attorneys' fees and costs.

**<u>SECOND CAUSE OF ACTION</u>**

**<u>Sexual Harassment in Violation of New York State Human Rights Law</u>**

154. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

155. Defendant is an "educational institution" as defined by New York State Human Rights Law.

156. Janie Doe suffered continuous sexual harassment as more fully described above.

157. Defendant knew about the sexual harassment Janie Doe experienced and did nothing to prevent it or stop it.

158. Defendant permitted the sexual harassment Janie Doe experienced.

159. The previously mentioned acts by defendant violated Janie Doe's rights under New York State Human Rights Law.

160. As a result of defendant's actions, conduct, and omissions, including but not limited to those described above, defendant permitted the continuous sexual harassment of Janie Doe.

161. The harm plaintiff experienced was proximately caused by defendant's acts and/or omissions.

162. Defendant's acts and/or omissions proximately caused plaintiff to suffer economic and non-economic damages, including but not limited to, loss of income, a loss of educational opportunities, medical and mental health costs, severe emotional distress, psychological injury, mental anguish, degradation, and embarrassment.

163. Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial, plus pre-judgment interest and attorneys' fees and costs.

### **THIRD CAUSE OF ACTION**

### **Negligent Supervision (Peer Sexual Harassment)**

164. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

165. Defendant has a duty to provide adequate supervision of its students.

166. Defendant failed to exercise proper supervisory care when it repeatedly permitted the bullies to harass Janie Doe, threaten Janie Doe, physically assault Janie Doe, stalk Janie Doe throughout the school, and intimidate Janie Doe during school hours and on school grounds, as more fully described above.

167. Defendant had specific knowledge of the bullies' propensity to engage in harassing behaviors because they had received multiple previous reports of the bullies engaging in sexual harassment, as more fully described above.

168. These bullies subjecting Janie Doe to additional and further sexually harassing behaviors was foreseeable to defendant.

169. The bullies did subject Janie Doe to sexual harassment, as more fully described above.

170. Defendant placed Janie Doe back into a classroom with one of the known bullies, Student #4, and did nothing after Ms. Jane Doe complained about this fact, as more fully described above.

171. Plaintiff was injured as a result of the bullies' harassment, as more fully described above.

172. Plaintiff's injuries resulting from the bullies' harassment was foreseeable to defendant.

173. Plaintiff's injuries were proximately caused by defendant's breach of its duty to appropriately supervise its students.

174. Defendant's acts and/or omissions proximately caused plaintiff to suffer economic and non-economic damages, including but not limited to, loss of income, a loss of educational opportunities, medical costs, severe emotional distress, psychological injury, mental anguish, degradation, and embarrassment.

175. Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial, plus pre-judgment interest and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**Disability Discrimination in violation of ADA 42 U.S.C. § 12101, et seq.
Reasonable Accommodation**

176.  Plaintiff repeats and realleges each and every allegation contained in the foregoing
      paragraphs as though fully set forth herein.

177.  Janie Doe, is an "individual with a disability" as defined in 42 USC
      § 12131(2).

178.  Defendant is a "public entity" within the meaning of 42 USC §12131(1), and 28 CFR §
      35.104.

179.  Defendant had notice of Janie Doe's disability, as more fully described above.

180.  Title II of the ADA provides that "no qualified individual with a disability shall, by
      reason of such disability, be excluded from participation in or be denied the benefits of
      services, programs, or activities of a public entity, or be subjected to discrimination by
      any such entity."

181.  Title II of the ADA also requires that reasonable accommodations may have to be
      provided to assure that a disabled student can participate in, or benefit from, the school's
      services.

182.  Janie Doe experienced harassment and bullying that was so severe, pervasive, and
      objectively offensive that it deprived her of access to the educational opportunities and/or
      benefits provided by defendant as more fully described above.

183.  Because of the persistent bullying and harassment Janie Doe experienced, Janie Doe
      suffered an exacerbation of her disability and related symptoms.

184.  The harassment Janie Doe experienced occurred in a context subject to defendant's
      control and where defendant could have taken remedial action.

185. Defendant had actual notice of the harassment and bullying experienced by Janie Doe because plaintiff continuously reported the harassment to defendant and requested specific accommodations to ease the effects of this harassment on her disability, as more fully described above.

186. With a reasonable accommodation, Janie Doe would have been able to participate in and benefit from defendant's services.

187. Defendant's response to plaintiff's reports of harassment and requests for a reasonable accommodation were insufficient, in bad faith and a gross misjudgment as more fully described above.

188. Defendant's response to plaintiff's reports of harassment and requests for a reasonable accommodation were tantamount to no response at all.

189. For example, defendant expressly refused to provide Janie Doe with reasonable accommodations when Ms. Jane Doe requested such, and defendant failed to modify Janie Doe's IEP or otherwise create an accommodation which would prevent future abuse after any of these reports as more fully described above.

190. As a direct and proximate result of defendant's failure to provide Janie Doe with reasonable accommodations based on her disability, plaintiff suffered economic and non-economic damages, including but not limited to, loss of income, a loss of educational opportunities, medical and mental health costs, severe emotional distress, psychological injury, mental anguish, degradation, and embarrassment.

191. Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial, plus pre-judgment interest and attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq.**

192. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

193. Janie Doe is an "individual with a disability" as defined in 29 USC § 705(20).

194. Defendant is an educational institution that received federal financial assistance from the United States government and is subject to Section 504 of the Rehabilitation Act.

195. Section 504 of the Rehabilitation Act provides, in pertinent part, that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied benefits of, or be subjected to discrimination under any programs or activity received Federal financial assistance . . ." 29 USC § 794(a).

196. Defendant excluded Janie Doe from participation in her education program, denied her the benefits of her educational program, and discriminated against her, because of her disability in a variety of ways, including but not limited to:

    A. Failing to respond to plaintiff's reports of bullying and harassment as more fully described above; and

    B. Failing to provide Janie Doe with accurate information about reasonable accommodations available to Janie Doe as more fully described above; and

    C. Denying Janie Doe access to at home instruction as more fully described above; and

    D. Failing to provide Janie Doe with reasonable accommodations as more fully described above; and

E.  Placing Janie Doe into a classroom setting with a known harasser as more fully described above.

197.  As a direct and proximate result of defendant's actions, conduct, and omissions as more fully described above, plaintiff' suffered and continued to suffer economic and non-economic damages, including but not limited to, loss of income, a loss of educational opportunities, medical costs, severe emotional distress, psychological injury, mental anguish, degradation, and embarrassment.

198.  Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial, plus judgment interest and attorney's fees and costs.

**SEVENTH CAUSE OF ACTION**

**Violation of IDEA at 20 U.S.C. § 1400, et seq.**

199.  Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

200.  Janie Doe is a "child with a disability" under 20 U.S.C. § 1401(3)(A).

201.  Defendant is a "local educational agency" under 20 U.S.C. § 1401(19)(A).

202.  Under IDEA, 20 U.S.C. § 1412(a)(1), public schools must provide disabled children a free appropriate public education (FAPE) through an Individualized Education Program (IEP) that meets the child's unique needs in the least restrictive environment. A FAPE requires special education and related services at public expense, under public supervision, and with no charge to the student or parents.

203.  Janie Doe is enrolled at defendant Midlakes with an Individualized Education Program (IEP).

204. Janie Doe experienced severe and pervasive harassment and bullying at defendant Midlakes that deprived her of a FAPE, as more fully described above.

205. Defendant failed to meaningfully respond to plaintiff's reports of bullying and harassment, and denied her a FAPE in a variety of ways, including but not limited to:

    A.   Repeatedly ignoring, and failing to investigate plaintiff's reports of the harassing behaviors Janie Doe endured as more fully described above; and

    B.   Excusing/dismissing plaintiff's reports of bullying and harassment as more fully described above; and

    C.   Refusing to punish, or discipline known, repeated perpetrators of Janie Doe's bullying and harassment as more fully described above; and

    D.   Knowingly placing Janie Doe into small classrooms with perpetrators of harassment as more fully described above; and

    E.   Punishing Janie Doe unequally for unfair or inappropriate purposes as more fully described above; and

    F.   Denying Janie Doe access to at home instruction as more fully described above; and

    G.   Defendant employees failing to provide Janie Doe reasonable accommodations that would have permitted her to continue to access her education after her experience of bullying and harassment;

    H.   Defendant employees failing to investigate plaintiff's allegations or reports of bullying and harassment as more fully described above.

206. Because of the persistent bullying and harassment Janie Doe experienced, Janie Doe suffered an exacerbation of her disability and related symptoms.

207.   Defendant had actual notice of the severe harassment and bullying Janie Doe endured, the effects of the harassment due to her disability, and Janie Doe's lack of a FAPE because of the multiple reports from plaintiff and other outside sources, like Glove House and Starbridge, Inc.

208.   Defendant's response to plaintiff's reports of bullying and harassment was grossly insufficient.

209.   Defendant's response to plaintiff's reports of harassment and bullying was clearly unreasonable in light of the known circumstances and tantamount to no response at all.

210.   As a direct and proximate result of defendant's failure to respond appropriately to plaintiff's reports of bullying and harassment, Janie Doe was denied a FAPE and plaintiff was harmed.

211.   As a direct and proximate result of defendant's failure to provide Janie Doe with a FAPE, plaintiff suffered economic and non-economic damages, including but not limited to, loss of income, a loss of educational opportunities, medical and mental health costs, severe emotional distress, psychological injury, mental anguish, degradation, and embarrassment.

212.   Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial, plus prejudgment interest and attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### Failure to Provide Reasonable Accommodation for Disability in Violation of NYSHRL

213.   Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

214.   Janie Doe is a person with a "disability" as defined in NYSHRL § 292(21)(a).

215. Defendant is an "educational institution" as defined in NYSHRL § 292(40).

216. Like Title II of the ADA, NYSHRL prohibits discrimination on the basis of a person's disability and requires that reasonable accommodations be provided to disabled student to assure that a disabled student can participate in, or benefit from, the school's services.

217. Janie Doe experienced harassment and bullying that was so severe, pervasive, and objectively offensive that it deprived her of access to the educational opportunities and/or benefits provided by defendant as more fully described above.

218. Because of the persistent bullying and harassment Janie Doe experienced, Janie Doe suffered an exacerbation of her disability and related symptoms.

219. The harassment Janie Doe experienced occurred in a context subject to defendant's control and where defendant could have taken remedial action.

220. Defendant had actual notice of the harassment and bullying experienced by Janie Doe because plaintiff continuously reported the harassment to defendant and requested specific accommodations to ease the effects of this harassment on her disability, as more fully described above.

221. With a reasonable accommodation, Janie Doe would have been able to participate in and benefit from defendant's services.

222. Defendant's response to plaintiff's reports of harassment and requests for a reasonable accommodation were in bad faith and a gross misjudgment as more fully described above.

223. Defendant's response to plaintiff's reports of harassment and requests for a reasonable accommodation were tantamount to no response at all.

224. For example, defendant expressly refused to provide Janie Doe with reasonable accommodations when Ms. Jane Doe requested such, and defendant failed to modify Janie Doe's IEP or prevent future abuse after any of these reports as more fully described above.

225. As a direct and proximate result of defendant's failure to provide Janie Doe with reasonable accommodations based on her disability, plaintiff suffered economic and non-economic damages, including but not limited to, loss of income, a loss of educational opportunities, medical and mental health costs, severe emotional distress, psychological injury, mental anguish, degradation, and embarrassment.

226. Plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial, plus judgment interest and attorneys' fees and costs.

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

227. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

228. Defendant's conduct in failing to appropriately respond to plaintiff's reports of sexual harassment, physical assault, death threats, and bullying, constituted extreme and outrageous conduct, including, but not limited to:

    A. Ignoring plaintiff's and others' reports of harassment as more fully described above; and

    B. Ignoring plaintiff's requests for a safe and appropriate educational experience as more fully described above; and

    C.   Knowingly putting Janie Doe in danger by refusing to change Janie Doe's lunch period to avoid the bullies; and

    D.   Ignoring and denying plaintiff's request for at home instruction as more fully described above; and

    E.   Knowingly placing Janie Doe into a classroom with Student #4, a known perpetrator of Janie Doe's harassment, as more fully described above; and

    F.   Failing to provide Janie Doe with reasonable accommodations for her disability as more fully described above.

229. When defendant engaged in the actions described above, defendant disregarded a substantial probability of those actions causing plaintiff's severe emotional distress.

230. Defendant's actions did cause plaintiff to suffer severe emotional distress.

231. Defendant's actions, conduct, and omissions proximately caused plaintiff to suffer economic and non-economic damages, including but not limited to, loss of income, a loss of educational opportunities, medical costs, severe emotional distress, psychological injury, mental anguish, degradation, and embarrassment.

232. As a result of the foregoing, plaintiff is entitled to economic and non-economic damages in an amount to be determined at trial, plus judgment interest and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment:

    (a)   In the form of compensatory, punitive, or exemplary damages in an amount to be proven at trial,

(b) That included such other, further, or different relief as the Court may deem just

and proper, together with attorneys' fees, costs, and disbursements of the action.


DATED:          June 10, 2024
                Rochester, New York


                                        Attorneys for Plaintiff


                                        By: __/s/___J. Morgan Levy_____

                                        J. Morgan Levy, Esq.
                                        J. Morgan Levy Firm, PLLC
                                        24 N. Main Street, Suite 2
                                        Fairport, New York 14450
                                        T: 585-678-1160
                                        E: morgan@jmorganlevyfirm.com