UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANE DOE
*individually, and on behalf of the infant Janie Doe*,
                           Plaintiff,

                                                                        Case # 24-CV-6356-FPG

v.

                                                                        DECISION AND ORDER

MIDLAKES SCHOOLS PHELPS-CLIFTON SPRINGS
CENTRAL SCHOOL DISTRICT, BOARD OF EDUCATION, *et al.*,
                           Defendants.
_____

## INTRODUCTION

Plaintiff Jane Doe brings this action on behalf of herself and her infant daughter, Janie Doe. ECF Nos. 1, 33, 34. Plaintiff has alleged nine claims against Defendant Midlakes Schools Phelps-Clifton Springs Central School District, Board of Education ("Midlakes") related to alleged bullying, sexual harassment, and disability discrimination that Janie Doe has been subject to while attending Midlakes schools. ECF No. 34. Additionally, Plaintiff has alleged two claims against the parents of the alleged bullies—Defendants Laura Crouse, Nathan Petty, Sara Lamb, Earl Clark, IV, Tammie Fowler, Katrina Morlang, Jeffery Morlang, Kaitlin Caplinger, Amy Walker, and Robert Walker (collectively the "Individual Defendants"). *Id.* Defendants Katrina Morlang and Jeffery Morlang now move to dismiss the two claims against them. ECF No. 81. Plaintiff opposes the motion. ECF No. 84. For the reasons that follow, the Morlangs' motion is GRANTED.

## LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court deciding a motion to dismiss pursuant to Rule 12(b)(6) "must accept as true all of the allegations contained in a complaint." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

Nevertheless, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If that statement fails to present "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," the deficient claims may be dismissed pursuant to Rule 12(b)(6). *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The determination regarding "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Under this plausibility standard, a complaint must allege "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "[W]ell-pleaded factual allegations" permit a court to "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Although Plaintiff's factual allegations set forth in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. If a plaintiff "ha[s] not nudged [his/her] claims across the line from conceivable to plausible, [his/her] complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, a complaint fails to state a claim if it supplies only "labels and conclusions," *id.* at 555, "a formulaic recitation of the elements of a cause of action," *id.*, or "'naked assertions' devoid of 'further factual enhancement,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Although a court is "obligated to draw the most favorable inferences that [a plaintiff]'s complaint supports, [it] cannot invent factual allegations that he [or she] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

**DISCUSSION**

On June 10, 2024, Plaintiff brought the instant action in this Court. ECF No. 1. Initially, Plaintiff named only Midlakes as a defendant; however, Plaintiff later amended the complaint to include the Individual Defendants. *See* ECF Nos. 1, 33, 34. Plaintiff alleges that the children of the Individual Defendants are fellow students at Midlakes, who have bullied, harassed, and assaulted Plaintiff's daughter, Janie Doe. ECF No. 34. As a result of this behavior, Plaintiff has brought two causes of action against the Individual Defendants for (1) state law negligence and (2) state law intentional infliction of emotional distress. *Id.*

Defendants Katrina Morlang and Jeffery Morlang now move to dismiss pursuant to Rule 12(b)(6), arguing that Plaintiff has failed to state a claim against them as to both claims.[1] ECF No. 81-2. Specifically, the Morlangs argue that both of Plaintiff's claims seek to hold them vicariously liable for the actions of their child and that they can only be held vicariously liable for their child's actions if there is "(1) proof of a child's propensity for violence and (2) the parents' specific knowledge of the propensity for such behavior." *Id.* at 4. The Morlangs contend that Plaintiff has failed to state a claim because she has only alleged one instance where the Morlangs' child acted violently, which is insufficient to allege that the Morlangs' child had a propensity for violence, and has failed to allege that the Morlangs had knowledge of that propensity.[2] *Id.* at 5.

Plaintiff does not dispute that both claims seek to hold the Morlangs vicariously liable for the actions of their child. ECF No. 84 at 9. Plaintiff also agrees that parents can only be held

---

[1] The Morlangs also argue that the Court should not exercise supplemental jurisdiction over the claims against them and move to dismiss pursuant to 12(b)(1). Because the Court concludes that Plaintiff has failed to state a claim, it need not address this argument.

[2] The Morlangs also raise additional arguments as to why the claims against them should be dismissed. *See* ECF No. 81-2. However, because the Court concludes that dismissal is warranted on this ground, it need not address them.

3

vicariously liable where "the child had a tendency to engage in vicious conduct which might endanger a third party and [where] that the child's parent(s) had knowledge of his or her propensities in this regard." *Id.* (quoting *Brahm v. Hatch*, 203 A.D.2d 640, 641 (3d Dep't 1994)). However, Plaintiff maintains that the claims against the Morlangs should not be dismissed because the complaint alleges that Midlakes reported the vicious, intentional, and repeated bullying of Janie Doe to all of the parents of the alleged bullies, which is sufficient to allege that the Morlangs had actual knowledge of their child's propensity to engage in vicious conduct. *Id.* at 7. The Court disagrees.

Plaintiff makes numerous allegations that Midlakes reported instances of alleged bullying to the Individual Defendants as a whole. Nevertheless, only one specifically references the Morlangs and their child. That allegation is that on "November 17, 2023, Student #5 attacked Janie Doe in the Midlakes High School cafeteria, by approaching Janie Doe from behind and repeatedly punching her on the head, face, and body." ECF No. 34 ¶ 99. Plaintiff further alleges that Midlakes informed all of the Individual Defendants, "particularly Mrs. Katrina Morlang and Mr. Jeffery Morlang, the parents and/or natural guardians of Student #5, of this report against their child." *Id.* ¶ 108. While this adequately alleges that the Morlangs had knowledge that their child had punched Janie Doe, one instance of vicious conduct is insufficient to establish a propensity on the part of a child. *Doe v. AR*, No. 21-CV-6353, 2022 WL 1624081, at *16 (W.D.N.Y. May 23, 2022) ("[C]ourts in New York have found 'a single prior incident' [of vicious conduct] insufficient to 'establish a propensity on the part of the child' so as to put a parent on notice."). Therefore, the Morlangs' knowledge that their child punched Janie Doe on one occasion is insufficient to plead their actual knowledge of their child's alleged propensity for vicious conduct.

To the extent that Plaintiff argues that the complaint as a whole establishes the requisite knowledge, all of the other allegations in the complaint that could arguably be construed as alleging that the Morlangs had such knowledge are either conclusory or relate to the actions of other students. As for the conclusory allegations, Plaintiff alleges that "Midlakes informed the [Individual] Defendants of the complaints and reports against their children, Student #2, Student #3, Student #4, Student #5, Student #6, and Student #8," ECF No. 34 ¶ 45, and that the "[Individual] Defendants had actual knowledge of their children's propensity to engage in harmful, abusive, and injurious behavior because of Jane Doe's repeated reports to defendant Midlakes about their specific children," *id.* ¶ 259. These are merely naked assertions, which are not supported by further factual enhancement as to the Morlangs, absent the one specific instance discussed above. *See Iqbal*, 556 U.S. at 678. As such, these assertions are insufficient to state a claim. *See id.* The complaint also repeatedly states that the parents failed to stop their children's behavior despite knowledge of children's propensity to engage "harmful" "abusive" "sexual harassing" and/or "violent" conduct. ECF No. 34 ¶¶ 8, 9, 57, 92, 116, 155. These allegations are simply a formulaic recitation of one element of the causes of action, which are not supported by further factual enhancement as to the Morlangs absent the one specific instance discussed above. *See Twombly*, 550 U.S. at 555. Again, such allegations are insufficient to state a claim. *See id.*

To the extent that Plaintiff argues that all of the factual allegations against the "bullies" should be construed as alleging that the Morlangs' child had a propensity for vicious behavior, even assuming that is true, the complaint does not allege that the parents of the alleged bullies were made aware of every instance of bullying or harassment. As explained above, generalized statements that the Individual Defendants were made aware of complaints about their children are insufficient to state a claim absent factual enhancement, and the only instance of factual

5

enhancement as to the Morlangs is Plaintiff's allegation that their child punched Janie Doe. *See* ECF No. 34 ¶ 99. All of the other specific instances of allegedly vicious conduct that Plaintiff alleges were reported to the Individual Defendants relate to specific allegations about other students. *See id.* ¶¶ 56, 79, 87, 91, 98, 115. The fact that the Morlangs were made aware that other students were involved in altercations with Janie Doe is insufficient to allege their knowledge of their child's propensity for vicious conduct. To the extent that Plaintiff is arguing that the Morlangs child was somehow involved in these other altercations, the Court cannot invent factual allegations that a Plaintiff has not pled, and here, no specific factual allegations appear in the complaint. *Chavis*, 618 F.3d at 170.[3] As such, Plaintiff has failed to allege that the Morlangs had knowledge of their child's propensity for vicious behavior and therefore, has failed to state a claim as to them.

## CONCLUSION

For the foregoing reasons, Katrina Morlang's and Jeffery Morlang's motion to dismiss (ECF No. 81) is GRANTED. Plaintiff's complaint is dismissed as to the Morlangs. If Plaintiff wishes to amend her complaint, any such motion should be directed to Judge Pedersen.

IT IS SO ORDERED.

Dated: December 18, 2025
      Rochester, New York

                                       HON. FRANK P. GERACI, JR.
                                       United States District Judge
                                       Western District of New York

---

[3] Plaintiff also argues that her complaint should not be dismissed because the facts alleged in her complaint are peculiarly within Defendant Midlakes' possession. ECF No. 84 at 12. Therefore, she argues that she does need to conclusively establish that the Morlangs had knowledge of their child's propensity for vicious conduct. *Id.* To be sure, at the pleading stage, a plaintiff need not conclusively establish liability. However, in this case, Plaintiff's complaint is insufficient not because it fails to conclusively establish that the Morlangs had knowledge of their child's propensity for vicious conduct, but because it does not proffer facts plausibly alleging such knowledge.